## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MATTHEW KOHEN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ULTIMATE SPORTS CAMP, LLC, and JUNIOR ATHLETES, INC.,

    Defendants.

_____/

CASE NO:

**CLASS ACTION**

## CLASS ACTION COMPLAINT

Plaintiff, Matthew Kohen, individually, and on behalf of all those similarly situated, by and through his undersigned counsel, brings this class action against Defendants, Ultimate Sports Camp, LLC, ("Ultimate Sports Camp") and Junior Athletes Inc. ("Junior Athletes") (collectively "Defendants"), alleging violations of the Telephone Consumer Protection Act (*hereinafter* "TCPA"), 47 U.S.C. § 227, and in support thereof states as follows:

### I. INTRODUCTION

1. This is a class action alleging violations of the TCPA resulting from Defendants' unsolicited, harassing, autodialed text-messages, sent to the cellphones of Plaintiff and the class.

2. Defendants own and operate sports camps in New Jersey.

3. In its persistent efforts to solicit business, Defendants regularly engage in text-message-marketing campaigns, with no regard for the law or consumers' privacy rights.

4. Plaintiff seeks to enjoin Defendants' illegal conduct, which has resulted in an invasion of privacy, harassment, aggravation, and disruption of the daily lives of hundreds or

[1700907/1]    1

thousands of individuals, and statutory damages on behalf of himself and members of the Class as defined below, and any other available legal or equitable remedies.

## II. PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Miami Dade County, Florida.

6. Defendant Ultimate Sports Camp is a New Jersey Corporation with its principal place of business at 1233 East 7th Street., Brooklyn, NY 11230. Ultimate Sports Camp's registered agent for service of process is Victor Gindi, 290 Roosevelt Ave., Oakhurst, NJ 07755.

7. Defendant Junior Athletes is a New York Corporation with its principal place of business at 2309-11 65th Street, Brooklyn, New York 11204.

8. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.[1]

9. This Court has personal jurisdiction over Defendants and venue is proper because the events giving rise to Plaintiff's claims occurred in Miami-Dade County, including the unwanted text-messages that Defendants sent or caused to be sent to Plaintiff's cellular phone using an automatic telephone dialing system.

## III. THE TELEPHONE CONSUMER PROTECTION ACT

10. The TCPA regulates and restricts the use of automatic telephone dialing or texting systems ("ATDS"). These ATDS devices allow Defendants to send hundreds or thousands of text-messages almost instantly, without regard to the identity, consent, or privacy of the recipients.

11. Specifically, the TCPA provides that it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States,

---

[1] *See Mims v. Arrow Fin. Services., LLC*, 132 S. Ct. 740, 744 (2012).

[1700907/1]          2

to make any call using an ATDS to any telephone number assigned to a cellphone other than a call made for emergency purposes or made with the prior express consent of the called party.

12. Importantly, consumers are entitled to the same consent-based protections for text-messages as well as calls.

13. Defendants bear the burden of showing that they obtained Plaintiff's prior express written consent before sending him the text-messages, and must show that a clear, unambiguous, and conspicuous written disclosure was provided to the individual.

14. The Federal Communications Commission ("FCC") has also repeatedly acknowledged the existence of vicarious or agency liability under the TCPA.

## IV. FACTS

15. Plaintiff is and the Class member are "persons" as broadly defined by 47 U.S.C. § 153(39).

16. Defendants, in order to advertise, promote, and solicit business, obtained the cellphone numbers of Plaintiff and the Class members.

17. Defendants likely purchased these numbers from a person or company that buys and sells consumer data.

18. Regardless of how Defendants obtained the numbers, Defendants did not obtain the required express written consent to place calls or send text-messages to Plaintiff or the Class.

19. Despite lacking the requisite consent, Defendants then proceeded to send or cause others to send unsolicited telemarketing text-messages to Plaintiff and the Class, using automatic telephone dialing equipment.

[1700907/1]   3

20. Defendants sent Plaintiff over ten (10) unsolicited, automatic text-messages, including on October 9, 2017, November 22, 2017, twice on November 28, 2017, February 12, 2018, and February 13, 2018.




21. The incessant text messages Plaintiff received came from phone number 313131.

22. This six-digit, non-conventional phone number or "Short Code" indicates that Defendants used an Automatic to Peer ("A2P") technology, which is the precise type of ATDS technology that the TCPA regulates.

23. The generic nature of Defendants' text-messages, combined with the large number of messages sent by Defendants, further demonstrates that Defendants utilized an ("ATDS") to send the text-messages.

24. As seen in the images above, not only did Defendants send these unsolicited text-messages without prior express consent, but Defendants gave Plaintiff and the class no method by which to opt-out of receiving the text-messages.

25. As a result of Defendants' TCPA violations, Plaintiff and the class suffered damages including invasion of privacy, aggravation, annoyance, and intrusion.

26. All Defendants are directly, jointly, or vicariously liable for each such violation of the TCPA.

## V. CLASS ACTION ALLEGATIONS

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), on behalf of himself and a Class of others similarly situated defined as follows:

> **All persons in the United States who had one or more Vic's Sports Text-Messages sent to their cellular telephone number**

*Plaintiff anticipates the need to amend the class definition as discovery progresses*

28. The following are excluded from the Class: 1) Defendants and their employees or agents; 2) Plaintiff's attorneys and their employees; 3) the Honorable Judge to whom this action is assigned and any member of the Judge's staff and immediate family; 4) claims for personal injury, wrongful death, and/or emotional distress.

29. *Numerosity*: The exact number of Class members is unknown and not readily available to Plaintiff at this time, but it is evident that joinder is impracticable. Based upon information and understanding, Defendants have sent automated text-messages to the cellphones of thousands of consumers throughout the United States without their prior express consent. The

[1700907/1] 5

members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable. Members of the Class can be identified, and Class membership ascertained, objectively through Defendants' records.

30. ***Typicality***: Plaintiff's claims are typical of the claims of other members of the Class in that both Plaintiff and the Class sustained damages arising out of Defendants' uniform policies pertaining to sending automatic text-messages without obtaining prior express consent.

31. ***Commonality***: There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   i. Whether Defendants made non-emergency text-messages to Plaintiff's and Class members' cellular telephones using an ATDS;
   ii. Whether Defendants can meet their burden of showing that they obtained prior express written consent to send the text-messages at issue;
   iii. Whether Defendants' conduct was knowing and willful;
   iv. Whether Defendants are liable for damages, and the amount of such damages; and
   v. Whether Defendants should be enjoined from such conduct in the future.

The common questions in this case will have common answers. If Plaintiff's claim that Defendants routinely transmit text-messages to cellphones without obtaining prior express consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

32. ***Adequacy of Representation:*** Plaintiff will fairly and adequately represent and protect the interests of the Class and Defendants have no defenses unique to Plaintiff. Plaintiff has retained counsel competent and experienced in complex class actions and has no interest antagonistic to those of the Class'.

[1700907/1]                              6

33. ***Superiority & Manageability:*** Class proceedings in the instant matter are superior to all other available methods to ensure fair and efficient adjudication because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendants' misconduct. Even if members of the class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court; economies of time, effort and expense will be fostered and uniformity of decisions ensured.

34. ***Ascertainability:*** Members of the class will be easily ascertained through Defendants' records, or the records of their agents.

## COUNT I
## VIOLATION OF THE TCPA. 47 U.S.C. § 227(B)

Plaintiff reaffirms, realleges, and incorporates by reference paragraphs 1-34 as if fully set forth herein.

35. Defendants, or third parties directed by Defendants, used equipment having the capacity to dial numbers without human intervention to send telemarketing text messages to the cellular telephones of Plaintiff and the other members of the Class defined above.

36. These text messages were sent without the prior express written consent of Plaintiff and the class.

37. Defendants have, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an ATDS to send non-emergency text messages to the cellular telephones of Plaintiff and the other members of the Class without their prior express consent.

38. As a result of the forgoing, Plaintiff and the class suffered damages.

39. Pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class are each entitled to a minimum of $500.00 in damages for each violation.

**WHEREFORE**, Plaintiff, Matthew Kohen, on behalf of himself and all others similarly situated, prays the Court for an Order awarding:

a. $500.00 in statutory damages for each violation of the TCPA;
b. A permanent injunction prohibiting Defendants from using an automatic telephone dialing system to call and text-message telephone numbers assigned to cellular telephones without the prior express consent of the called party;
c. Litigation costs; and
d. Such other and further relief as the Court deems proper.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA. 47 U.S.C. § 227(B)

Plaintiff reaffirms, realleges, and incorporates by reference paragraphs 1-34 as if fully set forth herein.

40. Defendants knew that they did not have prior express written consent to send marketing text-messages.

41. Defendants knew or should have known that under the TCPA they were prohibited from sending automatic text-messages to cellphones, without prior express consent.

42. Nonetheless, Defendants sent and continued to send unsolicited text-messages to the cellphones of Plaintiff and the Class.

43. Because Defendants knew or should have known that Plaintiff and the Class members had not given prior express consent to receive its autodialed text-messages to their

[1700907/1] 8

cellular telephones, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class pursuant to § 227(b)(3) of the TCPA.

44. As a result of the forgoing, Plaintiff and the class suffered damages.

45. Pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)., Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation of the TCPA.

**WHEREFORE**, Plaintiff, Matthew Kohen, on behalf of himself and all others similarly situated, prays the Court for an Order awarding:

a. $1,500.00 in statutory damages for each knowing, or willful, violation of the TCPA;
b. A permanent injunction prohibiting Defendants from using an automatic telephone dialing system to call and text-message telephone numbers assigned to cellular telephones without the prior express consent of the called party;
c. Litigation costs; and
d. Such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff and the class respectfully requests a jury trial on all issues to triable.

Respectfully submitted this ___ day of April 2018, by:

ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:   jshaw@zpllp.com
Secondary Email: mperez@zpllp.com

By _____
JORDAN A. SHAW, ESQ.
Fla Bar No. 111771
KIMBERLY A. SLAVEN
Fla. Bar No. 117964